UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSHUA HARRISON, | ) |
|       Petitioner, | ) |
| v. | )    1:16-cr-00166-JAW |
| UNITED STATES OF AMERICA, | ) |
|       Respondent | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 91.) Following a guilty plea, Petitioner was convicted of possessing child pornography; the Court sentenced Petitioner to 120 months in prison. (Judgment, ECF No. 76.) The First Circuit affirmed. *United States v. Harrison*, 899 F.3d 49 (1st Cir. 2018).

Petitioner claims (1) he received ineffective assistance of counsel at sentencing, (2) he was deprived of his right to speak at sentencing, and (3) his sentence was excessive. (Motion at 4–8; Letters; ECF Nos. 93, 93-1.) The Government argues that Petitioner's claims lack merit and requests dismissal of the motion. (Response, ECF No. 100.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was arrested in October 2016 and charged with knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and § 2256(8)(A). (Complaint, ECF No. 3; Initial Appearance, ECF No. 9; Waiver of Indictment, ECF No. 26; Information, ECF No. 27.) The Government alleged that Petitioner's laptop and a tablet device were found to contain images of child pornography, which images Petitioner admitted receiving via email and a messaging application. (Prosecution Version, ECF No. 30.) In December 2016, Petitioner pled guilty. (Guilty Plea, ECF No. 31.)

Petitioner's guidelines sentencing range was 135 to 168 months imprisonment, which was reduced to the statutory maximum of 120 months. *United States v. Harrison*, 899 F.3d 49, 50 (1st Cir. 2018). In December 2016, the Court sentenced Petitioner to 120 months imprisonment and a lifetime of supervised release. (Judgment, ECF No. 76.) Petitioner challenged on appeal the lifetime of supervised release and the substantive reasonableness of the ten-year term of imprisonment. *United States v. Harrison*, 899 F.3d at 50. In August 2018, the First Circuit upheld the sentence. *Id.* at 53–54.

### DISCUSSION

**A.  Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence

"is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on

its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.     Ineffective Assistance of Counsel**

Petitioner alleges that his attorney was ineffective because his attorney was not sufficiently experienced to handle Petitioner's case. Petitioner has not explained, however, why counsel's level of experience was insufficient in this case or how it led to deficient performance. *See also*, *United States v. Cronic*, 466 U.S. 648, 665 (1984) ("Every experienced criminal defense attorney once tried his first criminal case. . . . The character of a particular lawyer's experience may shed light in an evaluation of his actual performance, but it does not justify a presumption of ineffectiveness . . ."); *LaGrand v. Stewart*, 133 F.3d 1253, 1275 (9th Cir. 1998) ("In considering a claim of ineffective assistance of counsel, it is not the experience of the attorney that is evaluated, but rather, his performance"); *United States v. Silvia*, No. CR 14-10082-GAO, 2018 WL 10704411, at *3 (D. Mass. Apr. 23, 2018) ("The relevant question is not prior experience but actual

performance measured against the *Strickland* standard"). Petitioner's challenge based on his counsel's level of experience fails.

Petitioner also contends that he was "pressured" by a court officer to conclude the matter despite his concerns about his attorney. (Motion at 4, 6.) Petitioner's contention that he was deprived of his right to counsel and pressured to proceed with the sentencing is not supported by the record. To the contrary, at sentencing, the Court thoroughly discussed with Petitioner his right to counsel and the interaction with the court officer. (*See* Sentencing Transcript at 4–15, ECF No. 82). Petitioner was afforded multiple opportunities for new counsel and to continue the sentencing, but he expressed a desire to proceed. In addition, when the Court inquired about Petitioner's interaction with the court officer, Petitioner did not express any concerns and did not assert that he was pressured in any way by the court officer. (*Id*.) In short, the record does not support Petitioners' claims.[1]

## C. Right to Speak at Sentencing

Petitioner contends he was only allowed to read his responsibility letter and was not allowed to speak on other topics at sentencing. Before imposing a sentence, a district court must provide the Government, victims, and defense counsel an opportunity to speak, and the court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4). "This is not merely a technical rule, but reflects our long tradition of giving all defendants the right

---

[1] Petitioner also claims that he was unable to communicate effectively with his attorney, but Petitioner does not provide any evidence to support the assertion nor demonstrate that he was prejudiced by the alleged communication difficulties.

to directly address the court and plead for mercy." *United States v. Burgos-Andujar*, 275 F.3d 23, 28 (1st Cir. 2001).

> The record reveals that the Court addressed Petitioner directly:
>
> Mr. Harrison, as a defendant before the court for determination and imposition of sentence, you have a constitutional right to address the court at this time. Do you have anything you wish to say to me, sir?

(Sentencing Transcript at 47.) Petitioner then addressed the Court and expressed a desire to be a different type of person and to stop doing shameful things and hurting people. (*Id.*) Petitioner then read a letter expressing sympathy for others, accepting responsibility, and expressing a desire to receive treatment. (*Id.* at 47–51.) The record thus establishes that Petitioner was given the opportunity to address the Court before the Court imposed the sentence.

Petitioner claims his attorney discouraged him from making additional statements in order to avoid being perceived as refusing to accept responsibility, which his attorney said could have negatively impacted his sentence. Strategic legal advice, however, even when it involves strongly urging a defendant to take one course over another, does not represent coercion or an involuntary choice. *See United States v. Marrero-Rivera*, 124 F.3d 342, 349 (1st Cir. 1997). The record plainly establishes that Petitioner was not deprived of his right to speak at sentencing.

**D.     Excessive Sentence**

Petitioner challenges the propriety of the 120-month period of imprisonment and a lifetime of supervised release. Because the First Circuit on direct appeal considered the same issues and rejected Petitioner's arguments, upholding the sentence as substantively

7

reasonable, Petitioner is not permitted to raise those issues again on collateral appeal. *See Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994); *Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996).

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of May, 2020.