UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16-cr-00166-JAW |
| | ) | |
| JOSHUA HARRISON | ) | |

**ORDER ON MOTION TO POSTPONE RESTITUTION PAYMENT**

The Court rejects a defendant's request that his restitution obligation be postponed until he is released from incarceration. The Court concludes that there is no evidence that the defendant properly exhausted his administrative remedies or is in the proper district to challenge the Bureau of Prisons' Inmate Financial Responsibility Program (IFRP), and further concludes that there is no applicable statutory exception permitting adjustment of his judgment.

**I.    BACKGROUND**

   **A.    Crime and Punishment**

On August 12, 2015, law enforcement was informed that an image of child pornography was located on Joshua Harrison's Google email account. *Prosecution Version* at 1 (ECF No. 30). Based on this and additional information, a search warrant was executed at Mr. Harrison's residence in Augusta, Maine on August 13, 2015. *Id.* During the search, law enforcement seized his laptop computer. *Id.* Based on the information seized from the initial search, law enforcement obtained an additional search warrant for Mr. Harrison's Samsung Galaxy Tab 3 device, which was seized from a local pawn shop. *Id.* at 1-2. A subsequent forensic examination of

the laptop and Galaxy Tab 3 device revealed multiple images of children under the age of eighteen engaged in sexually explicit conduct. *Id.* at 2.

Mr. Harrison was home at the time law enforcement executed the search warrant. *Id.* at 1. During the execution of the warrant, Mr. Harrison agreed to be interviewed and he admitted to receiving images of child pornography via email and a messaging application. *Id.* at 2. He also admitted to meeting people online in chat rooms to receive images containing children. *Id.*

On December 15, 2016, Mr. Harrison pleaded guilty to a one-count information charging possession of child pornography. *Information* (ECF No. 27); *Minute Entry* (ECF No. 31). On October 24, 2017, the Court sentenced Mr. Harrison to one hundred twenty months imprisonment with supervised release for a term of life. *J.* at 2 (ECF No. 76). The Court also required Mr. Harrison to pay restitution in the total amount of $3,000.00, and a special assessment of $100.00. *Id.* at 6.

Under 18 U.S.C. § 2259, restitution is mandatory should any of the victims request it. The restitution judgment here reflected the losses to one of the child victims depicted in a series of images possessed by Mr. Harrison. The payee of the restitution was "E.D." in care of the Law Office of Erik Bauer in Trust for the 8 Kids Series. *Id.* The Court ordered Mr. Harrison to make a lump sum payment of $3,100, with any amount he was unable to pay immediately due and payable during his term of incarceration. *Id.* at 7.

### B.   Joshua Harrison Requests Postponement of the Restitution Payment

On July 24, 2020, the Court received a letter from Mr. Harrison, informing the Court that he was "unable to provide for [his] needs" and requesting that the Court adjust his restitution obligation to be paid in installments upon release. *Letter from Joshua Harrison to Judge Woodcock* (ECF No. 120) (*Harrison Letter*). He explained:

> I am requesting to have my restitution of 3,000 dollars be paid (in installments) upon my release from federal prison. I am unable to provide for my needs such as hygiene items and stamps to mail letters home, an[d] pay my restitution while I am incarcerated. If I work 7-days a week and from 7:30am – 2pm, without interruptions, I make a maximum of 12.00 per month. That doesn't allow for even my hygiene items to be purchased. I do not get funds from the outside because my family is poor.
>
> I would like to further request that you notify the facilities trust fund department, warden and unit team staff here at danbury.
>
> The indigent hygiene packs are one or two uses and are not sufficient to maintain proper hygiene.

*Id.*

### C.   The Government Objects

On August 21, 2020, the Government filed an opposition to Mr. Harrison's request. *Gov't's Resp. in Opp'n to Def.'s Mot. for Restitution Installment Payment Schedule* (ECF No. 124) (*Gov't's Opp'n*). The Government contends that the motion should be denied because "neither the Federal Rules of Criminal Procedure nor 18 U.S.C. § 3664(*o*)(1)-(2) permit alteration of the Judgment by deferring [Mr. Harrison's] restitution obligation until his release from incarceration." *Id.* at 1.

The Government proceeds to perform a thorough analysis of the possible arguments that Mr. Harrison could make and why they fail.

First, the Government considers any Federal Rules of Criminal Procedure that could be applicable. It concludes that the Court cannot grant Mr. Harrison's relief under Rule 35(a) because that rule only permits courts to "correct a sentence that resulted from arithmetical, technical, or other clear error" within "14 days after sentencing." *Id.* at 2. Mr. Harrison's request falls outside of this window. The Government also rejects the applicability of Rule 36, because it applies only to "straightforward clerical and technical errors" and no clerical error is at issue here. *Id.* at 2-3. Finally, Mr. Harrison is not seeking vacatur of the underlying Judgment in the interests of justice pursuant to Rule 33(a), and regardless, such relief would be time-barred. *Id.* at 3.

The Government next considers whether the restitution can be corrected, appealed, amended, or modified pursuant to 18 U.S.C. § 3664(o)(1). First, the Government contends that restitution cannot be corrected or modified under § 3664(o)(1)(A)-(B) because Rule 35 does not apply and 18 U.S.C. § 3742(a) only governs appellate review of sentences imposed by district courts. *Id.* at 3-4. Second, restitution cannot be amended pursuant to § 3664(o)(1)(C) because amendment under § 3664(d)(5) is not applicable here. *Id.* at 4. Third, the Government argues that no basis for adjustment exists pursuant to § 3664(o)(1)(D) because Mr. Harrison does not qualify under 18 U.S.C. § 3664(k), § 3572, or § 3613(A). *Id.* at 4. While § 3664(k) and § 3572 allow for modification of restitution payments based on a "material change" in

4

"economic circumstances," those provisions "do not allow a final criminal judgment to be amended in order to defer payment of restitution ordered by the Court until after release from incarceration, which is what [Mr. Harrison] requests here." *Id*. at 5. Furthermore, even if Mr. Harrison was seeking modification of how his payments are scheduled during imprisonment, he has not provided any proof of his financial status or current income and has not detailed how his economic circumstances have changed. *Id.* Section 3613A similarly fails to help Mr. Harrison because it "does not authorize amendment or reduction of the amount of restitution ordered by the Court at sentencing," but rather authorizes the Court to enter or adjust a payment schedule. *Id*. at 6. The Government contends § 3613A is merely a means to ensuring that restitution will be paid by the defendant, rather than a mechanism to challenge restitution. *Id.*

The Government concludes by considering whether Mr. Harrison's motion can be read as a challenge to the Bureau of Prison's administration of the Inmate Financial Responsibility Program (IFRP). *Id*. at 7. The Government claims, however, that such a challenge must be brought as a habeas petition and thus is inappropriate through his present motion. *Id.*

## II. DISCUSSION[1]

### A.    The IFRP: The Exhaustion Requirement and The Right District

---

[1] Because Mr. Harrison does not cite any law to support why the Court should adjust his restitution payments, the Court considers the possible relevant arguments he could make. The Court does not find it necessary to address all the rules and statutes cited by the Government as the Court agrees they are inapplicable to Mr. Harrison's situation.

5

To the extent that Mr. Harrison objects to the calculation of his restitution payments under the IFRP, the Court concludes he has failed to exhaust administrative remedies, and regardless this motion is not the proper vehicle to challenge the IFRP.  If Mr. Harrison wishes to challenge the BOP's calculation, he would "first be required to exhaust his administrative remedies and, if not satisfied, any court challenge 'must be brought as a habeas petition pursuant to 28 U.S.C. § 2241 in the district in which the defendant is incarcerated.'"  *United States v. Reeves*, 1:05-cr-00047-JAW, 2015 U.S. Dist. LEXIS 13657, at *11 (D. Me. Feb. 4, 2015) (quoting *United States v. Fenton*, 577 F. Supp. 2d 458, 459 (D. Me. 2008)); *United States v. Pedreira*, No. 2:06-cr-00011-JDL, 2017 U.S. Dist. LEXIS 193244, at *3 n.1 (D. Me. Nov. 22, 2017), *aff'd* 2017 U.S. Dist. LEXIS 208958 (D. Me. Dec. 20, 2017).

B.   **Material Change in Economic Circumstances**

To the extent that Mr. Harrison asks the Court to adjust his judgment, the Court finds that such an adjustment is inappropriate here.  18 U.S.C. § 3664(o)(1) states that while "[a] sentence that imposes an order of restitution is a final judgment," such a sentence can subsequently be corrected, appealed, amended, or adjusted pursuant to certain statutory exceptions.  Relevant here, under 18 U.S.C. § 3664(k), a court "may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."[2]

---

[2]   As previously noted, to the extent Mr. Harrison is challenging IFRP payments, he must file a 28 U.S.C. § 2241 petition in the district where he is incarcerated.  A § 3664(k) motion is inappropriate to challenge IFRP payments.  *See United States v. Diggs*, 578 F.3d 318, 320 (5th Cir.

Mr. Harrison states that he is "unable to provide for [his] needs," such as hygiene items and stamps and he "do[es] not get funds from the outside because [his] family is poor." *Harrison Letter*. However, this information alone does not demonstrate a material change in his economic circumstances to justify such a revision. *See Reeves*, 2015 U.S. Dist. LEXIS 13657, at *12; *Fenton*, 577 F. Supp. 2d at 459. Furthermore, the Court would be reluctant to grant a full postponement of Mr. Harrison's restitution obligation. *See United States v. Petrarca*, CR. No. 13-53 S; CR. No. 14-101 S, 2015 U.S. Dist. LEXIS 12459, at *5 (D.R.I. Feb. 3, 2015) (concluding that a "wholesale suspension of the restitution obligation during [defendant's] incarceration . . . is an extreme adjustment that is not warranted in this case"). On the record before the Court, there is no basis to adjust the schedule of his restitution payments.

### III. CONCLUSION

The Court DENIES Joshua Harrison's motion to postpone payment of restitution until his release from incarceration (ECF No. 120).

SO ORDERED.

/s/John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2020

---

2009) ("Prisoners cannot use § 3664(k) as a vehicle for a court not in the district of incarceration to modify or suspend IFRP payments").